JL

1

2 WO

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9   John H. Thaler,                        No.    CV 22-00749-PHX-JAT (JZB)

10                          Plaintiff,

11  v.                                      **ORDER**

12  Brittany Rae Chavez, et al.,

13                          Defendants.

14

15          On May 3, 2022, Plaintiff John H. Thaler, who is not in custody, filed a pro se civil

16  rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In

17  District Court Without Prepaying Fees or Costs, and a Motion for Preliminary Injunction

18  (Doc. 3).  In a May 5, 2022 Order, the Court directed the Clerk of Court to seal the Motion

19  and the attached exhibits and denied the deficient Application to Proceed with leave to

20  refile within 30 days.

21          On May 23, 2022, Plaintiff filed a new Application to Proceed In District Court

22  Without Prepaying Fees or Costs (Doc. 10).  On June 2, 2022, Defendant Brittany Chavez

23  filed a Notice of Pending Lawsuit and Request for Stay (Doc. 12).  The Court will deny

24  the request to stay this case, grant the Application to Proceed, defer ruling on the the Motion

25  for Preliminary Injunction, and dismiss the Complaint with leave to amend.

26  **I.      Request to Stay**

27          Defendant Brittany Chavez asks the Court to stay this case until the Court in another

28  of Plaintiff's cases before this Court, CV 21-01419, decides a motion to declare Plaintiff a

JDDL-K

vexatious litigant.  The pending motion to declare Plaintiff a vexatious litigant in another case has no bearing on this case.  Thus, the Court will deny the request to stay this case.

**II.      Application to Proceed In District Court Without Prepaying Fees or Costs**

The Court will grant Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs.  Plaintiff is not required to pay the filing fee for this case.

**III.     Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review complaints brought by all plaintiffs who are proceeding in forma pauperis and must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).  Moreover, Rule 10(b) of the Federal Rules of Civil Procedure states that a party "must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

In addition, Rule 8(d)(1) states that each allegation in a pleading "must be simple, concise, and direct."  Thus, Rule 8 may be violated by the inclusion of extraneous facts that are not part of the factual basis for a plaintiff's particular claims.  *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (stating that Rule 8 can be violated "when a pleading says *too much*"); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

Plaintiff's 68-page, Complaint is neither short nor plain, and his allegations are not

simple, concise, or direct.  Most of Plaintiff's allegations are irrelevant to his claims for relief, and the Complaint is "argumentative, prolix, replete with redundancy" and irrelevancies, and consists "largely of immaterial background information."  *Id.* at 1177. The Complaint therefore fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and it will therefore be dismissed with leave to amend.

**IV.    Leave to Amend**

Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, he must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**. Rather, Plaintiff must "allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice" of the allegations against them. *Ortez v. Washington County*, 88 F.3d 804, 810 (9th Cir. 1996). "When all defendants are lumped together in factual allegations, such pleading does not provide the defendants with notice of the basis for allegations." *Sekerke v. City of National City*, No. 19cv1360-LAB (MSB), 2020 WL 4435416, at *5 (S.D. Cal. Aug. 3, 2020); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1070-71 (N.D. Cal. 1988) (plaintiff's complaint "lumped" all defendants "together in a single, broad allegation" without "stating with any specificity how each private defendant allegedly deprived [plaintiff] of a right secured by the Constitution"). Thus, "group pleading" is insufficient to state a claim where reason dictates that specific, unidentified individuals performed each of the described acts. *See Sekerke*, 2020 WL 4435416 at *5.

Plaintiff should be aware that § 1915(e)(2) grants the Court "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Id.* at 325. "[A] court may dismiss a claim as factually frivolous … if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). When evaluating claims under this standard, the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Id.* at 32. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* at 33.

In addition, an in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under 28 U.S.C.

§ 1915(e).  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Aziz v. Burrows*, 976 F.2d 1158 (9th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party").  An action is subject to dismissal as duplicative of an earlier-filed action where the causes of action and relief sought are the same in both actions, and the parties are the same or in privity with each other.  *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest.")  (citation and internal quotation marks omitted).

To determine whether two successive causes of action are the same, courts use the "transaction test" developed in the context of claim preclusion.  *Adams*, 487 F.3d at 689. To determine whether two events are part of the same transaction, courts examine the following criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  *Id.* (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982).  The last factor has been deemed the most important.  *Id.* at 1202.

Plaintiff should be aware that failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings."  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).  In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte.  *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of prisoner's time-barred complaint).

1   The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum

2   state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261,

3   276 (1985).  The Arizona statute of limitations for personal injury actions is two years.  *See*

4   Ariz. Rev. Stat. § 12-542(1).

5   Accrual of § 1983 claims is governed by federal law.  *Wallace v. Kato*, 549 U.S.

6   384, 388 (2007).  Under federal law, a claim accrues when the plaintiff "knows or has

7   reason to know of the injury that is the basis of the action."  *Pouncil v. Tilton*, 704 F.3d

8   568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir.

9   1998).

10   Plaintiff should note that 18 U.S.C. §§ 241 and 242 do not provide a basis for civil

11   liability, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and a plaintiff cannot

12   initiate criminal proceedings in this Court, *see Heckler v. Chaney*, 470 U.S. 821, 832 (1985)

13   (decision to indict "has long been regarded as the special province of the Executive

14   Branch"); *Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997) (private citizens do

15   not have authority to institute a federal criminal prosecution).  As for 18 U.S.C. §14141,

16   this section was transferred to 34 U.S.C. § 12601, which provides, "It shall be unlawful for

17   any governmental authority, or any agent thereof, or any person acting on behalf of a

18   governmental authority, to engage in a pattern or practice of conduct by law enforcement

19   officers or by officials or employees of any governmental agency with responsibility for

20   the administration of juvenile justice or the incarceration of juveniles that deprives persons

21   of rights, privileges, or immunities secured or protected by the Constitution or laws of the

22   United States."

23   Plaintiff should also note that "[l]ike the state-action requirement of the Fourteenth

24   Amendment, the under-color-of-state-law element of § 1983 excludes from its reach

25   'merely private conduct, no matter how discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins.*

26   *Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002

27   (1982)).  "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the

28   exercise of some right or privilege created by the State or by a rule of conduct imposed by

the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff should also be aware that under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' … are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

Moreover, Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity.  *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006).  The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).  A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant

1  pursuant to Fed. R. Civ. P. 12(b)(6)).

2  Finally, Plaintiff should be aware that to state a conspiracy claim, he must show "an

3  agreement or 'meeting of the minds' to violate constitutional rights.'" *Franklin v. Fox*,

4  312 F.3d 423, 441 (9th Cir. 2002) (citation omitted).  The Court "need not, however, accept

5  as true allegations that . . . are merely conclusory, unwarranted deductions of fact, or

6  unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.),

7  *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Woodrum v. Woodward*

8  *County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy did not

9  support a § 1983 claim); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir.

10  1988) ("A mere allegation of conspiracy without factual specificity is insufficient.").

11  **V.    Warnings**

12  **A.    Address Changes**

13  Plaintiff must file and serve a notice of a change of address in accordance with Rule

14  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

15  relief with a notice of change of address.  Failure to comply may result in dismissal of this

16  action.

17  **B.    Possible Dismissal**

18  If Plaintiff fails to timely comply with every provision of this Order, including these

19  warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

20  at 1260-61 (a district court may dismiss an action for failure to comply with any order of

21  the Court).

22  **IT IS ORDERED:**

23  (1)    Plaintiff's Application to Proceed In District Court Without Prepaying Fees

24  or Costs (Doc. 10) is **granted**.

25  (2)    The Complaint (Doc. 1) is **dismissed** for failure to comply with Rules 8 and

26  10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order

27  is filed to file a first amended complaint in compliance with this Order.

28  (3)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

      (4)     Defendant Brittany Chavez's request to stay this case (Doc. 12) is **denied**.

      Dated this 17th day of June, 2022.

James A. Teilborg
Senior United States District Judge